Samuel W. Marshall, Jr. v. Commissioner. Frances McClellan Marshall v. Commissioner.
Marshall v. Commissioner
Docket Nos. 49760, 49761.
United States Tax Court
T.C. Memo 1955-237; 1955 Tax Ct. Memo LEXIS 101; 14 T.C.M. (CCH) 955; T.C.M. (RIA) 55237; August 25, 1955
Julius H. Runge, Esq., Republic Bank Building, Dallas, Tex., for the petitioners. Graham R. E. Koch, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax and additions in the case of each petitioner as follows: Additions under
sec.
sec.
Year
Deficiency
294(d)(1)(A)
294(d)(2)
1949
$1,321.99
1950
527.04
$66.80
$40.08 The issues for decision are whether additions to the tax are due for each year under section 294(d)(1)(A) and (d)(2) and whether the petitioners are entitled to the following deductions: (1) A net operating loss deduction for 1949 based upon traveling expense of Samuel for 1947 and 1948 and an abandonment loss and an interest deduction for *102 1948. (2) Traveling expenses for 1949 and 1950. (3) An interest deduction for 1949, and (4) Money expended for music lessons for Frances in 1949 and 1950. Findings of Fact The petitioners, husband and wife, filed their income tax returns for the taxable years with the collector of internal revenue for the second district of Texas on a cash basis. They owned a residence in Dallas, Texas, in which Frances and their two minor daughters lived at all times material hereto and in which Samuel resided while he was in Dallas. The petitioners also maintained an apartment in Washington, D.C.
The petitioners did not file a Declaration of Estimated Tax or pay any estimated tax for either 1949 or 1950. The principal business of Samuel at all times material hereto was that of consulting engineer. He had no other regular business although he had a rental property and two lots in Dallas, one of which was improved in 1949 and rented in 1950 and the other was improved in 1950. Samuel had offices for his consulting engineering business in Washington and in Dallas at the beginning of 1948. He closed his Dallas office in April 30, 1948, and moved his Dallas office equipment and most of *103 his records to his Washington office. The lease on the latter ran out on October 31, 1949, and was not renewed. The principal place of business of Samuel during 1948, 1949 and 1950 was not Dallas, but he made numerous trips to Dallas during those years and attended to some business there pertaining to real estate and banking. The Commissioner allowed expense deductions of $12,424.87 for 1947 out of $15,143.31 claimed as an expense account and allowed $12,396.22 as depreciation and expense of aircraft out of $14,961.91 claimed for that year. Samuel owned and operated aircraft in his business during the years involved herein. The petitioners expended $8,180.29 on a building project in 1948 which they abandoned in that year for cause. They claimed a loss of $7,680.29 on their 1948 returns, of which the Commissioner allowed $5,680.29. They continued to own the lot, the foundation, some fence and some structural steel, all of which were used in 1950 in the construction of a different type building. The 1948 loss did not exceed the amount allowed by the Commissioner as a 1948 deduction. The petitioners claimed deductions in the years shown for "subsistence expense" and "aircraft expense", *104 all of which were reasonable in amount and paid in the years shown: "Subsistence
"Aircraft
Year
Expense"
Expense"
1948
$3,161.95
1949
1,500.52
$2,267.49
1950
2,659.69
2,208.73 The Commissioner disallowed all of the amounts shown as "subsistence expense" and $1,700.61 and $1,656.55 of the "aircraft expense", explaining that the amounts disallowed were personal expenses. The petitioners owed the Republic National Bank of Dallas more than $80,000 in 1948, which was partially secured by collateral. The Bank sold the collateral in June 1948, when the debts became due, and applied the proceeds in part to the payment of interest in the amount of $526.37. The petitioners then gave a new note for the balance of the principal debt and interest in the amount of $701.78. That note was paid in full in 1949. The petitioners did not claim deductions and none were allowed for the interest item of $526.37 for 1948 and $701.78 for 1949. Frances paid $100 in 1949 and $400 in 1950 for music lessons. She then qualified for a position as a music teacher from which she earned income. She claimed deductions for the expenditures and the Commissioner disallowed them, explaining *105 that they were personal expenses. All facts stipulated by the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioners claimed a net operating loss deduction of $9,369.62 for 1949 based upon an alleged 1947 net loss of $13,244.54 which they reduced by 1948 net profit of $3,874.92. The Commissioner denied the 1949 deduction on the ground that the 1947 loss was less than stated and was completely absorbed by the 1948 income which was greater than stated. The only items in issue for 1947 are an expense account of Samuel and aircraft expense. The Commissioner allowed $12,424.87 of the claimed expense account of $15,143.31. $22,961.91 was claimed as aircraft expense. The petitioners concede that $8,000 of that amount was improperly claimed. The Commissioner allowed $12,396.22 ($9,167.08 for operation and $3,229.14 for depreciation). The evidence does not show that the petitioners are entitled to a larger deduction for "expense account" or "aircraft expense" for 1947 than the amounts allowed by the Commissioner. The petitioners claimed a 1948 loss of $7,680.29 from abandonment of a building project which cost $8,180.29. The Commissioner allowed a *106 deduction of $5,680.29. The petitioners continued to own the lot, the foundation and some material, all of which they used to construct a different type of building in 1950. Samuel testified in regard to the 1948 salvage value of the material but the evidence as a whole does not show that the 1948 loss exceeded the amount allowed by the Commissioner. Another 1948 item in dispute is a deduction for interest on a loan from the Republic National Bank. A similar item for 1949 is also contested. The proceeds from the sale in 1948 of collateral on the loan were used to the extent of $526.37 to pay then due interest on the loan and the remaining interest due, $701.78, was incorporated in a new note which was paid in full in 1949. Thus the petitioners were entitled to deductions for interest paid, $526.37 in 1948 and $701.78 in 1949 which they neglected to claim on their returns and which were not allowed by the Commissioner. The Commissioner disallowed items of "subsistence expense" for 1948, 1949 and 1950 and portions of "airplane expense" items for 1949 and 1950. These are deductible, if at all, under section 23(a)(1)(A) as "traveling expenses (including the entire amount expended for *107 meals and lodging) while away from home in the pursuit of a trade or business." The principal dispute on these items is whether Samuel can claim Dallas as his "home" for this purpose. His "home" was at his post of duty or principal place of employment and if he chose to live elsewhere the expenses of traveling between the two points and of meals and lodging at his place of employment are non-deductible personal expenses. . He closed his Dallas office on April 30, 1948, he had an office and an apartment in the Washington area in 1948 and at least a part of 1949 and he had work in the Washington area during the years here involved. He had some banking and real estate matters to attend to in Dallas but no consulting engineering business. The evidence as a whole fails to show that Dallas was Samuel's "home" for this purpose or that traveling expenses in excess of those allowed were paid by him while away from his principal place of employment during the years 1948, 1949 or 1950. The record shows that some items, including some travel between Washington and other cities including Dallas, are deductible as expense under section 23(a) but *108 the petitioners relied upon general statements and did not go into the proof necessary to show to what extent, if any, such items are not included in the deductions already allowed. The record shows that the Commissioner was right in disallowing some of the travel expense (under various headings) shown on Samuel's books and deducted on the returns. The reporting in this case was badly done and the parties agreed upon numerous corrections. The Court feels, however, that fairness has been achieved and the results would be no different had the transcript been perfect. One result of the above holding is to leave undisturbed the Commissioner's determination of the amount of the 1947 net operating loss and to reduce by $526.37 the 1948 income available to absorb that loss before any remaining part may be carried over to 1949 as a net operating loss. The Commissioner properly disallowed the deductions claimed for piano lessons for Frances since they were educational and personal expenses. . The petitioners filed no Declarations of Estimated Tax for either 1949 or 1950. The Commissioner determined additions to their tax under section 294(d)(1)(A) *109 for 1950 but not for 1949. He made claim for 1949 additions in amended answers timely filed. Thus the petitioners have the burden of proving that the failure to file for 1950 was "due to reasonable cause and not to willful neglect" and the Commissioner has the burden of proving the negative of that statutory provision for 1949. Each has failed to sustain this burden. The petitioners also failed to pay any estimated tax for 1949 or for 1950. Here again the Commissioner determined additions for 1950 but none for 1949 and made claims for the 1949 additions in amended answers. Section 294(d)(2) is mandatory and requires the addition to the tax where due regardless of why it was not paid. ; , affd. . Since no tax was paid and a substantial amount was due, section 294(d)(2) requires the addition to the tax for this failure for each year. Other adjustments made by the Commissioner in determining the deficiencies are not contested by the petitioners or have been stipulated. Decisions will be entered under Rule 50.